FILED
2005 Feb-10 AM 09:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RITA FERGUSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. |
| NEAL C. TENEN, | * | |
| Defendant. | * | |

## COMPLAINT

### Jurisdictional Allegations

1.   This is an action under 15 U.S.C. § 1692 et seq., the Federal Fair Debt Collection Practices Act ("FDCPA") for declaratory and injunctive relief, and such penalties as are found to be appropriate under 15 U.S.C. § 1692.

2.   This Court has jurisdiction of this action under 28 U.S.C. § 1331.

3.   Venue of this action is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to the claim occurred in this district.

### Factual Allegations

4.   The Plaintiff ("Mrs. Ferguson") is a citizen and resident of Alabama.

5.   On or about January 5, 2005 Mrs. Ferguson was arrested for shoplifting in a retail store in Birmingham, Alabama owned by Saks Incorporated ("Saks").

6.   On or about January 12, 2005 the Defendant ("Mr. Tenen"), a California lawyer representing Saks, sent Mrs. Ferguson the letter attached as Exhibit A threatening to seek certain statutory penalties under § 6-5-271, Code of Alabama and offering a compromise as stated therein.

7. On January 20, 2005 Mrs. Ferguson's counsel sent Mr. Tenen the letter attached as Exhibit B, requesting verification of the alleged debt as required by 15 U.S.C. § 1692g.

8. Mr. Tenen failed to provide verification of the debt as requested.

### Count One: FDCPA Civil Liability

9. Mr. Tenen is a debt collector as defined in 15 U.S.C. § 1692a(6), and thus subject to the FDCPA.

10. Mr. Tenen's demand letter attached as Exhibit A violates the FDCPA in the following ways:

   a. It violates 15 U.S.C. § 1692e(11) by failing to disclose that Mr. Tenen is a debt collector attempting to collect a debt and that any information obtained will be used for that purpose.

   b. It violates 15 U.S.C. § 1692g by failing to include the required debt validation notice specified in § 1692g(a).

11. Mr. Tenen further violated 15 U.S.C. § 1692g by failing to send the debt information required by § 1692g(a) within five days after the January 12, 2005 demand letter, since that letter failed to include this information.

WHEREFORE, Plaintiff respectfully requests the Court to award her the statutory penalty provided by 15 U.S.C. § 1692k, together with the costs and expenses of this action and reasonable attorneys' fees as provided therein.

### Count Two: Declaratory Judgment

12. Mrs. Ferguson realleges Para. 4 through 1 above.

13. Mrs. Ferguson respectfully requests the Court to enter a declaratory

judgment, pursuant to 28 U.S.C. § 2201, that

    a. Mr. Tenen is a debt collector as defined in 15 U.S.C. § 1692a(6), and thus subject to the FDCPA;

    b. Mr. Tenen's demand letter attached as Exhibit A violates 15 U.S.C. § 1692e(11) by failing to disclose that Mr. Tenen is a debt collector attempting to collect a debt and that any information obtained will be used for that purpose;

    c. the demand letter violates 15 U.S.C. § 1692g by failing to include the required debt validation notice specified in § 1692g(a), and that

    d. Mr. Tenen further violated 15 U.S.C. § 1692g by failing to send the debt information required by § 1692g(a) within five days after the January 12, 2005 demand letter, since that letter failed to include this information.

14. Mrs. Ferguson further requests the Court to award her the costs and expenses of this action, together with reasonable attorneys' fees.

### Count Three:  Injunctive Relief

15. Mrs. Ferguson realleges Para. 4 through 1 above.

16. Mrs. Ferguson respectfully requests the Court to permanently enjoin Mr. Tenen and any other person or entity which may be found to be his employer, and thus a debt collector as defined in 15 U.S.C. § 1692a(6) from any of the following acts:

    a. Sending any letter seeking to collect a debt on behalf of another which fails to disclose that Mr. Tenen is a debt collector attempting to collect a debt and that any information obtained will be used for that purpose;

    b. Failing to include in any such letter the debt validation notice and information

specified in § 1692g(a); and

    c.    Failing to send the debt information required by § 1692g(a) within five days after an initial communication with a debtor which does not include the information required by 15 U.S.C. § 1692g(a).

    17.    Mrs. Ferguson further requests the Court to award her the costs and expenses of this action, together with reasonable attorneys' fees.

### Count Four:  Allegations of Class Relief

    18.    Mrs. Ferguson alleges that the claims in this action are appropriate for class treatment under Rule 23(a), *Federal Rules of Civil Procedure*, in that the requirements of numerosity of class members, commonality of legal and fact questions, and typicality of claims predominate, and that she will fairly and adequately represent and protect the interests of the class composed of all persons to whom letters such as the demand letter in Exhibit A have been sent by this Defendant, and/or who may be potentially affected in the future by debt collection activities of this Defendant if he is not enjoined as requested above.

    19.    Mrs. Ferguson further alleges that one or more of the prerequisites of Rule 23(b)(1) and/or (b)(2) are also satisfied, in that

    a.    the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

    b.    adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the

adjudications or substantially impair or impede their ability to protect their interests; or

    c.    this Defendant has and will act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; and

    d.    that class treatment of the issues herein is superior to individual litigation for the fair and efficient adjudication of the controversy.

WHEREFORE, Mrs. Ferguson respectfully requests the following relief for herself and the class members herein:

    (a)    An award of appropriate statutory penalties as provided in 15 U.S.C. § 1692k(a);

    (b)    Declaratory and injunctive relief as requested above in counts Two and Three above on behalf of the class against the Defendant, and

    (b)    The costs and expenses of this action, together with reasonable attorneys' fees, as provided in 15 U.S.C. § 1692k(a).

Respectfully submitted,

_____
George C. Douglas, Jr.
700 Century Park South, Suite 223
Birmingham, Alabama 35226
(205) 824-4620  phone
(866) 715-5420  fax

Attorney for Plaintiff

**NEAL C. TENEN**
*A Law Corporation*
P.O. BOX 56028
SHERMAN OAKS, CA 91413
(818) 787-7200
Toll Free Outside California (800) 937-0911

**Exhibit A**

\* Member California Bar Only

January 12, 2005

Rita Ferguson   701118

Childersburg, AL 35044-1267

RE: Case #SAKS-701118
Ferguson, Rita
Saks

Dear Rita Ferguson:

This office represents the above referenced client, who has requested that I contact you regarding a shoplifting incident that occurred on 01/05/2005. My client's records indicate that you took possession of merchandise from the above store valued at $1,066.00, without the consent of my client, without paying for it and with the intent of converting that merchandise to your own use.

Pursuant to Alabama Code Section 6-5-271 a copy which is enclosed, a merchant is authorized to institute civil litigation against an individual who has unlawfully taken merchandise from the merchant's store, even if the merchandise has not been physically damaged and has been returned to the merchant. This code section permits a court to award damages of the full retail value of the merchandise, if it is not recovered in merchantable condition; expenses for recovery of the merchandise in the amount of $200.00, and reasonable attorney's fees and court costs not to exceed $1,000.00.

In order to save you any additional time and expense, a demand is hereby made upon you for **$200.00**. If we do not receive payment within **30** days from the date of this letter, my client may hire local counsel to take all necessary legal steps which include a civil action in court to collect the full amount allowed by the statute.

Please pay the total amount demanded by money order or cashier's check made payable to Saks, and return it using the enclosed self-addressed envelope. In order to properly credit your account, please print your name and case number on your payment. You may also pay by a MasterCard or Visa credit card. To do so, please fill out and return the enclosed authorization form.

**IMPORTANT NOTICE: The payment of any demand made upon you does not prevent criminal prosecution under a related criminal statute provision. Payment of the amount demanded may not be used in any court proceedings as an admission of liability.**

If you should have any questions in regard to this matter, you can call this office at (818) 787-7200 outside of California use (800) 937-0911, between the hours of 8:30 am - 5:00 pm, Pacific time.

Thank you very much for your anticipated cooperation in this matter.

Very truly yours,

Neal C. Tenen
Attorney at Law

LAW OFFICES
# GEORGE C. DOUGLAS, JR.
700 CENTURY PARK SOUTH
SUITE 223
BIRMINGHAM, ALABAMA 35226

**Exhibit B**

TELEPHONE (205) 824-4620
FACSIMILE (866) 715-5420

EMAIL: gcd@hiwaay.net

January 20, 2005

Neal C. Tenen, Esq.
15315 Magnolia Blvd., Suite 402
Sherman Oaks, California 91403

RE: Mrs. Rita Ferguson
your # SAKS-701118

Dear Mr. Tenen –

I represent Mrs. Ferguson in connection with the attached attempt by you to collect an alleged debt for Sak's.

Pursuant to 15 U.S.C. § 1692g, notice is hereby given that this alleged debt is disputed, and demand is hereby made upon you for verification of the debt you allege.

Please direct all future communications concerning this matter to me.

Sincerely,

George Douglas